IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISON

| | | |
|---|---|---|
| DEBRA SHEEDER | : | Civil Action No. _____ |
| Plaintiff, | : | |
| vs. | : | |
| ZWICKER & ASSOCIATES, P.C. and THE BUREAUS, INC. | : | |
| | : | |
| Defendants. | | |

## COMPLAINT

Plaintiff Debra Sheeder, by her attorney Ray Johnson, for her claims against the Defendants states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et seq. (hereinafter, "State Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURSIDICTION AND VENUE

2. Jurisdiction of the Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Venue in the District is proper in that the Defendants transact business here and the conduct complained of occurred here.

### III. PARTIES

1

3. Plaintiff, Debra Sheeder, is a natural person residing in Dallas County, Iowa.

4. Defendant, Zwicker & Associates, P.C. (hereinafter "Zwicker") is a law firm engaged in regularly collecting debts in the state of Iowa with a business office located in Andover, Massachusetts.

5. Defendant Zwicker is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6. Defendant The Bureaus, Inc. (hereinafter "Bureaus") regularly collects debts in the state of Iowa and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. FACTUAL ALLEGATIONS

7. On March 30, 2006, Counsel for Sheeder sent Bureaus a no contact letter, informing Bureaus of his representation of Sheeder and insisting there be no further contact with Sheeder directly.

8. Thereafter, Zwicker, representing and on behalf of Bureaus, continued to contact Sheeder directly even though Bureaus had been notified that Sheeder was represented by Counsel and there were to be no further direct contacts.

9. Zwicker, at the time of the contacts at issue, was acting as the attorney and agent for Bureaus.

10. On September 1, 2006, Sheeder received a collection letter in the mail from Zwicker.

11. On September 20, 2006, Zwicker called Sheeder at work even though Zwicker knew or should have known Sheeder was not to be contacted at work.

12. On October 18, 2006, Zwicker was informed again by letter that Sheeder was represented by Counsel. The letter insisted all contact be directed to Counsel and gave Counsel's name, address, and phone number.

13. Throughout the month of October, Zwicker continued to contact Sheeder on behalf of Bureaus, including a call to Sheeder at work on October 19, 2006 as well as another collection letter to Sheeder's home on October 10, 2006.

14. On October 24, 2006, Zwicker called Sheeder twice, at least one of the times at her workplace.

## V. FIRST CLAIM FOR RELIEF
(Both Defendants)

15. All facts and allegations of the Complaint are re-alleged and incorporated herein by reference.

16. Defendants violated the federal FDCPA. Zwicker's and Bureaus' violations include, but are not limited to, the following:

    a. Defendants violated 15 U.S.C. § 1692c(a)(2) by contacting Sheeder when the Defendant knew or should have known that Sheeder was represented by an attorney.

## VI. SECOND CLAIM FOR RELIEF
(Both Defendants)

17. All facts and allegations of the Complaint are re-alleged and incorporated herein by reference.

18. For purposes of Sheeder's alleged obligation to Bureaus, Bureaus was a "creditor" as defined in Iowa Code § 537.7102(2).

19. Sheeder's alleged obligations to Bureaus were "debts" as defined by Iowa Code § 537.7102(3).

20. With regard to attempts to collect from Sheeder as alleged herein, Zwicker and Bureaus were "debt collectors" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

21. Defendants violated the State Act. The foregoing acts, omissions and practices of Zwicker and Bureaus were violations of Iowa Code § 537.7103, including but not limited to:

    a. Defendants violated Iowa Code § 537.7103(5)(e) by making a communication with a debtor when the Defendants knew that the alleged debtor was represented by an attorney.

22. As a proximate result of the unfair debt collection, Sheeder has suffered actual damages and injury including, but by no means limited to aggravation, inconvenience, and emotional distress, for which she should be compensated in an amount to be proven at trial.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for the following:

    A. Actual damages against both Defendants, jointly and severally.

    B. Statutory damages pursuant to 15 U.S.C. § 1692k against both Defendants.

    C. Statutory damages pursuant to Iowa Code § 537.5201(1) against both Defendants.

    D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Iowa Code § 537.5201(8) against both Defendants, jointly and severally.

E. For such other relief as the Court deems appropriate in the circumstances.

Respectfully submitted,

RAY JOHNSON
PK2868344
Johnson Law Firm
950 Office Park Road
Suite 335
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com